IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

KENNETH M. HANSEN,

        Petitioner,

v.

STEVE FRANKE,

        Respondent.

Case No. 2:11-CV-1220-PA

OPINION AND ORDER

Kenneth M. Hansen
#5118567
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR 97882-9419

    Petitioner, *Pro Se*

John R. Kroger, Attorney General
Nicholas M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying Rape and Sexual Abuse convictions. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

In 2005, petitioner was charged with sexually abusing a 13-year-old minor female. The abuse came to light when the victim disclosed the abuse to a friend from school. Petitioner proceeded to a jury trial where he was convicted of two counts of Rape in the Second Degree and one count of Sexual Abuse in the First Degree. Respondent's Exhibit 101. As a result, the trial court sentenced petitioner to 150 months in prison.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Hansen*, 220 Or. App. 313, 185 P.d 1132, *rev. denied* 345 Or. 318, 195 P.3d 65 (2008).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief. Respondent's Exhibit 124. The Oregon Court of Appeals summarily affirmed the PCR trial court's decision, and the Oregon Supreme Court denied review. Respondent's Exhibits 128, 130.

Petitioner filed his Petition for Writ of Habeas Corpus on October 7, 2011 raising the following claims:

2 - OPINION AND ORDER

1. Trial counsel failed to use the findings of her private investigator to support a character defense;

2. Trial counsel failed to cross-examine the victim and another minor witness as to contradictory or misleading testimony;

3. The physician who examined the victim one year after the sexual abuse took place affirmed that there was no physical evidence that the victim had ever had sexual intercourse, yet he improperly concluded that the victim had been sexually abused; and

4. Petitioner was convicted based only upon the allegations of abuse by the victim, supported by her friend's testimony.

Respondent asks the court to deny relief on the Petition because: (1) petitioner failed to fairly present Grounds One, Two, and Three to the Oregon state courts, and those grounds are now procedurally defaulted; and (2) petitioner's Ground Four is a freestanding claim of actual innocence which is not cognizable in a non-capital habeas corpus action. Petitioner has neither filed a supporting memorandum, nor has he otherwise responded to the State's arguments in any way.

## DISCUSSION

### I.  Exhaustion and Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S.

3 - OPINION AND ORDER

509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A review of the record in this case reveals that petitioner raised a single direct appeal claim challenging the exclusion of demonstrative evidence at trial. Respondent's Exhibit 105. Such a claim is not at issue in this habeas corpus action.

During petitioner's state collateral review proceeding, he presented a single claim of ineffective assistance of counsel to the Oregon Supreme Court: whether trial counsel was ineffective when she failed to introduce evidence to impeach a statement by the victim that she was sexually abused behind a curtain in petitioner's trailer. Respondent's Exhibit 125. Respondent asserts that such a claim is not contained within the Petition for Writ of Habeas Corpus.

Contrary to respondent's position, the court views this claim as contained in petitioner's Ground Two and will address it on its merits below. The remainder of petitioner's Grounds One, Two, and Three were not fairly presented to the Oregon State courts. Because the time for presenting these claims to Oregon's state courts has passed, they are now procedurally defaulted.

## II. **Fundamental Miscarriage of Justice Exception to Procedural Default**

In Ground Four, petitioner appears to assert that he is actually innocent. A claim of actual innocence can excuse a procedural default where the petitioner introduces new evidence of his factual innocence such that, in light of that new evidence, no reasonable juror would have convicted him. *Schlup v. Delo*, 513

5 - OPINION AND ORDER

U.S. 298, 327 (1995). Petitioner has not introduced new evidence of his innocence, thus he cannot excuse his default. Moreover, because petitioner cannot make a gateway showing of actual innocence under *Schlup*, he also cannot prevail on his freestanding claim of actual innocence in Ground Four.[1] *House v. Bell*, 547 U.S. 518, 555 (2006) (a freestanding claim of innocence requires an even stronger showing of innocence than a gateway showing under *Schlup*).

### III. **The Merits**

The sole remaining claim before the court is petitioner's Ground Two claim that trial counsel was ineffective for failing to offer evidence to impeach the victim's statements that petitioner sexually abused her behind a curtain within his trailer.

#### A.   **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner

---

[1] To the extent Ground Four is intended to constitute a due process challenge to the sufficiency of the evidence, such a claim is procedurally defaulted.

6 - OPINION AND ORDER

bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

B.  **Analysis**

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an

7 - OPINION AND ORDER

objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

After the victim's abuse had been disclosed to authorities, she agreed to undergo a sexual abuse evaluation with the Children's Advocacy Center. That evaluation included an interview wherein, according to petitioner, the victim stated that petitioner had abused her in his trailer behind a curtain. According to petitioner, these statements were videotaped and introduced during his trial. Petitioner contends that there is no curtain in his

8 - OPINION AND ORDER

trailer, and trial counsel was constitutionally ineffective for failing to offer impeachment evidence on this point.

The PCR trial court considered this claim and made the following factual finding:

> 2. There was no basis for trial counsel to offer into evidence photographs of the inside of petitioner's trailer to establish that the trailer did not have a 'curtain.' Petitioner failed to establish that there was any testimony regarding an alleged 'curtain.' Petitioner, in his testimony, failed to prove what the testimony was in the case in chief which supported his claim.

Respondent's Exhibit 123, p. 2.

Not only is this finding entitled to a presumption of correctness, it is also supported by petitioner's PCR trial attorney who informed the PCR trial court as follows:

> It is petitioner's position that his lawyer failed to offer evidence in the form of pictures and testimony about the inside of his trailer. As an officer of the court, I must state that I have read the trial transcript in this matter. I have not found any statement from the named victim or statement from any witness quoting the named victim that states she said the abuse occurred behind a curtain inside petitioner's trailer.

Respondent's Exhibit 111, p. 2.

Where petitioner failed to establish that the victim testified that she was sexually abused behind a curtain in his trailer, the court cannot conclude that counsel's performance fell below an objective standard of reasonableness when she did not attempt to impeach non-existent testimony. As a result, the PCR trial court's

9 - OPINION AND ORDER

decision is neither contrary to, nor an unreasonable application of, clearly established federal law.[2]

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 4 day of June, 2012.

Owen M. Panner
United States District Judge

---

[2] The court also notes that in the pictures of petitioner's trailer appended to his Petition, while there is no dividing curtain within the trailer, there are curtains designed to cover a window directly above what appears to be the bed within the trailer.

10 - OPINION AND ORDER